The Chief Justice
delivered the opinion of the court.
This was a warrant sued out from a justice of the peace, *357 by the appellants, against the appellee, for a forcible entry and detainer. The jury by their inquest found the appellee guilty; and he having traversed the inquest, the cause was taken to the circuit court. On the trial of the traverse, it appeared that the premises in question had been devised by the will of Benjamin Thomas to the appellants, Benjamin F. Thomas and George W. Thomas; and that the other appellant, as administratrix of Benjamin Thomas, after his death, had leased the premises for the year 1818, to one Rains, who had previously held under the said Benjamin Thomas, and that Rains’ lease having expired, he quitted the possession, and that the appellee, at the same time, entered upon the premises, and has remained there ever since.
A joint warrant of forcible entry in favor of three when two only have title, cannot be maintained.
On this state of case the appellee moved the court to instruct the jury, that the evidence did not conduce to prove a joint cause of action in the appellants, and that for that reason the law was for the appellee. The court gave the instruction; to which the appellants excepted, and a verdict and judgment being rendered against them, they have appealed to this court.
It is clear that the appellant, Margaret, was neither a joint tenant, nor a tenant in common, with the other appellants, and consequently a joint cause of action could not have accrued to her and them, but must have accrued exclusively to the one or the other. To which the cause of action did accrue need not be decided; for take it either way, the result will be the same. In either case the appellee could not be found guilty of forcibly detaining the premises from them all, and in a joint action by them a separate verdict and judgment in favor of a part of them only would be erroneous.
The instruction given by the circuit court was therefore correct.
The judgment must be affirmed with costs.